IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JEFFREY MILLER, | ) | |
|     Plaintiff | ) | |
| | ) | |
|   vs. | ) | Civil Action No. 07-1493 |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | Magistrate Judge Amy Reynolds Hay |
|     Defendant | ) | |

**OPINION AND ORDER**

HAY, Magistrate Judge

Acting pursuant to 42 U.S.C. § 405(g), Jeffrey Miller ("Miller" or "the claimant") appeals from an April 23, 2007 final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI") benefits under Title XIV of the Social Security Act ("the Act"). Cross-motions for summary judgment are pending. The claimant's Motion (Doc. 13) will be denied, and the Commissioner's Motion (Doc. 15) will be granted.

**Procedural Background**

On October 27, 2004, Miller filed a claim for SSI benefits, alleging that he became disabled on October 1, 2004 due to attention deficit hyperactivity disorder (ADHD). (Tr. 52). This claim was denied initially on January 10, 2005. (Tr. 32). Miller requested a hearing before an Administrative Law Judge ("ALJ") which was scheduled to take place on October 2, 2006. Miller, for good cause, did not appear. The hearing was rescheduled, and took place on February 7, 2007. (Tr. 24, 22). Miller, who was represented by counsel, and a vocational expert testified.

In a decision dated April 23, 2007, the ALJ found that the claimant was not disabled within the meaning of the Act. (Tr. 10-19). The Appeals Council denied Miller's request for review on August 30, 2007, (Tr. 3-5), making the decision of the ALJ the final decision of the Commissioner. This timely appeal followed.

**The ALJ's Opinion**

The ALJ found that Miller was not disabled by applying the sequential five step analysis[1] articulated at 20 C.F.R. §§ 404.1520(a) and 416.9020(a), resolving the matter at Step Five. At the time of the hearing, Miller was a twenty-four year old single man with a GED certificate obtained in prison. (Tr. 82). In his testimony, Miller alleged that he sometimes experienced difficulty getting along with family and friends, and that he had a short temper. He tended to avoid people because of unstable moods. He also testified that he had problems with blurred vision, and described back pain which he treated by lying flat, standing for fifteen to twenty minutes per hour, or sleeping on a board. (Tr. 14, 15). Miller alleged that he could not read well, and had difficulty making change. He had taken Adderal and Ritalin, but stopped because the drugs were too expensive. He did not have a treating physician at the time of the hearing, and did not report for a consultative examination, thus preventing the state agency reviewing

---

[1] The familiar five steps are as follows: (1) If the claimant is performing substantial gainful work, he is not disabled; (2) If the claimant is not performing substantial gainful work, his impairment(s) must be "severe" before he can be found to be disabled; (3) If the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment (or impairments) meets or medically equals a listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app.1, the claimant is presumed disabled without further inquiry; (4) If the claimant's impairment or impairments do not prevent him from doing his past relevant work, he is not disabled; (5) Even if the claimant's impairment (or impairments) prevents him from performing her past work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled. 20 C.F.R. § 416.920.

psychologist from completing a Psychiatric Review and Technique form. (Tr. 15). The claimant did not have a relevant work history, but had been a dishwasher for short periods of time, and had helped in his grandfather's scrap yard. (Tr. 18).

The ALJ commented that Miller's medical record was "scant." ( Tr. 12). He was able to conclude, however, that Miller suffered from a number of severe impairments, including a history of adjustment disorder with depressed mood, a history of ADHD, and a history of a learning disorder affecting math and reading. None of these impairments, alone or in combination, was found to constitute a listed impairment. (Id.).

The ALJ found that although Miller's medically determinable impairments could reasonably be expected to produce the symptoms which the claimant described, his statements regarding the intensity, persistence, and limiting effects of these impairments were not entirely credible. (Tr. 15). He also found that Miller possessed the residual functional capacity to perform work with no physical restrictions, as long as he was not required to perform reading or math related tasks. (Tr. 13). The ALJ arrived at this assessment based in part on Miller's own review of his daily activities. These included sweeping, cooking, mowing the lawn, watching television, listening to the radio, handling bills, working on a moped, and making decisions on his own. Although the claimant cited problems with concentration, he was able to change tires on and oil in family cars. He did not have problems in public places, and did not need assistance attending to his personal needs. (Tr. 14).

At Step Five of his analysis, the ALJ relied on the conclusions of the vocational expert. At the hearing, the ALJ questioned the vocational expert regarding jobs available for someone of Miller's age with similar education, work experience, and the stated residual functional capacity.

The expert testified that such an individual would be able to perform representative jobs including janitor/cleaner, hand packer, and bench assembler, each of which existed in significant numbers in the national economy. (Tr. 19). Based on this testimony, the ALJ concluded that the claimant was not disabled within the meaning of the Act.( Id.)

**Standard of Review**

The Act limits judicial review of the Commissioner's final decision regarding benefits to whether the factual findings are supported by substantial evidence, Brown v. Brown , 845 F.2d 1211, 1213 (3d Cir. 1988), and whether the correct law was applied. Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984). A reviewing court may not undertake de novo review of the Commissioner's decision and may not reweigh the evidence of record. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir.1986). In other words, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence. ( Id. at 1190-91).

**Allegations of Error**

Although the claimant alleges that the ALJ made "several errors" in concluding that Miller was not disabled, these allegations have a common denominator: the ALJ's failure to consider the totality of Miller's "severe mental problems." (Doc. 14 at 4).

**Analysis**

Miller does not challenge the ALJ's treatment of the record evidence per se, nor does he argue that the ALJ should have ended his analysis prior to Step Five. Miller states generally that "[w]hile the record is scant as far as his mental condition, both his [elementary] school . . . and prison records indicate an individual of very limited ability . . . . His testimony as to the nature of

his level of function taken in its entirety must be given its proper weight." (Id. at 5).

The Court has carefully reviewed the ALJ's decision against the background of the record. including Miller's testimony. The Court recognizes, as did the ALJ, that Miller suffered and continues to suffer from an array of mental impairments appropriately characterized as severe. However, the Court finds that the ALJ's conclusion with respect to Miller's ability to perform work existing in the national economy is supported by substantial evidence.

The ALJ discussed in detail every item of the record evidence, pointing out those portions supporting and those failing to support Miller's claim. For example, he noted that Miller was assigned a GAF of 50 in a psychiatric evaluation performed in October of 2003, but had received a GAF of 65 in a routine psychiatric examination conducted three months earlier. (Tr. 17). Because of the age and paucity of Miller's records, the ALJ acted in accordance with his "affirmative duty to develop the record" bearing on Miller's mental status when he ordered a psychological consultative exam, which Miller failed to attend. See, e.g., Plummer v. Apfel, 186 F.3d at 411; Ventura v. Shalala, 55 F.3d 900 (3d Cir.1995).

Miller did not advance his cause when he failed to mention or explain his absence from this critical evaluation. He also failed to secure other medical data which could have bolstered his case. He did not have or consult a treating physician or a specialist who could have provided insight into evidence generated when Miller was in elementary school, and did not offer evidence from family members or friends who might have been able to elaborate on the nature and extent of his difficulties. Moreover, his attorney failed to question him at the hearing, and did not pose questions to the vocational expert.

In making these observations, the Court is aware that its function is not to chastize the

claimant or assess the performance of counsel.  See Banta v. Chater, No CIV-94-1754-A, 1995 WL 864573 (W.D. Okla. 1995).  The parameters of review are strictly limited to whether the Commissioner's decision is supported by substantial evidence and whether the whether the correct legal standard was employed.  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.2001).  Those requirements are satisfied in this case.  Accordingly, an appropriate Order follows.

AND NOW, this 1st day of July, 2008,  IT IS HEREBY ORDERED that the Motion for Summary Judgment (Doc. 15) filed by the Defendant is GRANTED, and that the Motion for Summary Judgment filed by the claimant (Doc. 13) is DENIED.

By the Court,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

cc:  All counsel of record by Notice of Electronic Filing